**FILED**

MAR 23 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff,** | § <br> § <br> § | |
| **v.** | § <br> § | No. MO:18-CV-053 |
| REAL PROPERTY LOCATED AT<br>504 McKINNEY AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY LOCATED AT<br>6141 DENIS LANE #5A, ODESSA,<br>ECTOR COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY KNOWN AS LOTS 57-62, 64-69,<br>AND 71-76, BATES AIRPORT,<br>MIDLAND COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY KNOWN AS LOTS 78, 79, 82-86,<br>89-94, 96-98, AND 101-104, BATES AIRPORT,<br>MIDLAND COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY LOCATED AT<br>4201 WINCHESTER AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY LOCATED AT<br>4611 N. JACKSON AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | § <br> § <br> § <br> § | |
| REAL PROPERTY LOCATED AT<br>10 MANSION OAKS DRIVE, ODESSA,<br>ECTOR COUNTY, TEXAS,<br>                    **Defendants.** | § <br> § <br> § <br> § | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by and through the U.S. Attorney for

the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

## I.   NATURE OF THE ACTION

1.     This action is brought by the United States seeking forfeiture to the United States of the following property:

a) Real Property Located at **504 McKinney Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 5, Block 25, Scharbauer Place Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 3, Page 378, Deed Records, Ector County, Texas.

b) Real Property Located at **6141 Denis Lane #5A, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Townhouse Unit No. A-5, of Tropical Townhouses, in Lots 1, 2, and 3, Block 16, Country Club Estates, 7th Filing, an Addition to the City of Odessa, Ector County, Texas, together with an undivided 1/21st interest in the common elements as shown on the plats attached to and described in the Declaration of Condominium as recorded in Volume 1, Page 184, Condominium Records, Ector County, Texas, as amended in Volume 1, Page 269, Condominium Records, Ector County, Texas.

c) Real Property Located at **Lots 57-62, 64-69, and 71-76, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 57-62, 64-69, and 71-76, Bates Airport, a Subdivision of Midland County, Texas According to the map or plat thereof of record in Cabinet D, Page 195, Plat Records, Midland County, Texas.

d) Real Property Located at **Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, a subdivision of Midland County, Texas according to the map or plat thereof of record of Cabinet D, Page 195, Plat Records, Midland County, Texas.

e) Real Property Located at **4201 Winchester Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 17, Block 3, Lyndale Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 4, Page 16, Plat Records, Ector County, Texas.

f) Real Property Located at **4611 N. Jackson Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 3, Block 84, Sherwood Addition, 15th Filing, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 17, Page 14, Plat Records, Ector County, Texas.

g) Real Property Located at **10 Mansion Oaks Drive, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 8, Block 4, The Estates of Shiloh, an addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Cabinet A, Page 167 B&C, Plat Records, Ector County, Texas.

**(hereinafter collectively referred to as "Defendant Properties").**

## II.   STATUTORY BASIS FOR FORFEITURE

2.      This is a civil forfeiture action *in rem* brought against the Defendant Properties for violations of 18 U.S.C. § 1084(a) (Transmission of Wagering Information); 18 U.S.C. § 1956 (Money Laundering); and 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Criminally Derived Property) and subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), which state:

**§ 981.  Civil Forfeiture**

(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

\* \* \*

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.[1]

## III.    JURISDICTION AND VENUE

3.      Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture.  This Court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. §§ 1355(b) and 1395.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District.  *See also* 28 U.S.C. § 1395(b).

## IV.    FACTS IN SUPPORT OF FORFEITURE

### A.    An Overview of the Investigation.

5.      In 2016, the Internal Revenue Service (IRS), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), and the Texas Department of Safety (DPS) began investigating the operation of an online illegal sports wagering enterprise by Jose "Peps" Dominguez (Dominguez).

6.      Through their investigation, investigators determined that Dominguez operated an illegal sports wagering enterprise in West Texas from on or about January 2011 through July 2016.

---

[1] Section 1956(c)(7) defines "specified unlawful activity" to mean "any act or activity constituting an offense listed in section 1961(1)…." Section 1961(1) defines "racketeering activity" to include "section 1084 (relating to the transmission of gambling information)."

In operating the enterprise, Dominguez used at least two companies to launder the gambling proceeds:  Peps Properties LLC ("Peps LLC") and Permian Basin Consulting LLC ("Permian LLC").  Peps LLC was formed on February 20, 2017, and lists Dominguez as the sole member managing the limited liability company.[2]  Permian LLC was formed on January 10, 2014, and lists Dominguez as the sole member managing the limited liability company.

7.      Dominguez acquired real property in his name or in the name of Peps LLC as proceeds of the 18 U.S.C. § 1084(a) offense; in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (in an effort to conceal or disguise the nature, source, location, ownership, and control of the proceeds of the § 1084 offense); and/or in violation of 18 U.S.C. § 1957 (by engaging, or attempting to engage, in a monetary transaction involving a financial institution with proceeds of the § 1084 offense in an amount greater than $10,000).

**B.      The Use of Interstate or Foreign Wire Transmissions.**

8.      The investigation revealed that Dominguez's gamblers are given online accounts to access a website, such as betvegas365.com and/or 1betvegas.com.  Once Dominguez grants a gambler access to the website, the gambler is able to place bets on various sporting events.  If the gambler loses, the website reflects the balance of what the gambler owes.  Similarly, if the gambler wins, the website shows how much is owed to the gambler.

9.      Operating the illegal sports wagering enterprise through a website allows Dominguez to electronically keep track of bets, odds, and balances through betvegas365.com and/or 1betvegas.com.  The website automatically calculates losses and earnings, relieving Dominguez from having to do so.  Dominguez acts as the "house," meaning he electronically

---

[2] Dominguez filed an Assumed Name Certificate in June 2011 in Ector County, Texas stating that Peps Properties is the assumed name for Jose A. Dominguez, owner, doing business in Ector, Midland, Reeves, and Ward counties.

obtains balances from the website and uses those balances to pay winnings and collect losses from the gamblers.

10.     Dominguez's use of the betvegas365.com and/or 1betvegas.com websites relies on the use of interstate and foreign wire transmissions. Dominguez's use of interstate and/or foreign wire transmissions to transmit wagering information violates 18 U.S.C. § 1084(a).[3] For example, whenever a gambler in West Texas accesses betvegas365.com, their electronic wire transmission is first sent to servers in the State of California (operated by a business called Cloudflare) before being routed to servers in the country of Costa Rica, where the website's servers are ultimately located.

## C.     Settling Gambling Debts.

11.     In developing their investigation, law enforcement personnel analyzed financial records and conducted search warrants. Additionally, multiple persons with factual knowledge were interviewed. The investigation revealed that, if a gambler owes Dominguez, the gambler typically pays Dominguez through cash, checks, wire transfers, or direct deposits into one of several bank accounts controlled by Dominguez. Conversely, if Dominguez owes a gambler, Dominguez pays primarily through cash or checks written from one of Dominguez's bank accounts to the gambler or to the gambler's business.

12.     Dominguez utilized Peps LLC, Permian LLC, and their corresponding bank accounts to launder the proceeds from his illegal sports wagering enterprise and conceal the source and/or nature of these proceeds. Dominguez then utilized these proceeds to purchase real estate in his own name or in one of his business names in an effort to conceal his ownership. Tellingly,

---

[3] Title 18, United States Code, Section 1084, makes it a crime for anyone to transmit bets or wagers on sports gambling in interstate or foreign commerce. 5TH CIR. CRIM. JURY INSTR. § 2.51 (2015).

witness interviews and financial analysis indicate that Permian LLC does not offer any legitimate services and appears to be solely used to launder sports wagering proceeds.

13.    Dominguez's use of the business names and corresponding bank accounts to conceal the source and/or nature of the wagering proceeds as well as his ownership of real estate violates 18 U.S.C. § 1956.[4] Furthermore, many of these financial transactions were conducted in amounts in excess of $10,000 in violation of 18 U.S.C. § 1957.[5] A sampling of the account analysis is discussed below.

14.    The identified persons who made check or wire transfer deposits into Dominguez's business accounts confirmed to investigators that the deposits they made were for payment of wagering debts that they owed to Dominguez. Specifically, the deposits made by the identified gamblers were not payments related to actual business conducted with Dominguez, Peps LLC, or Permian LLC.

15.    **Wells Fargo Bank Account #XXX7091 ("WF-7091")** is a commercial bank account that was established on or about June 23, 2011, in the name of Jose A. Dominguez dba Peps Properties. The account application reflects that the customer/owner of the account is Jose A. Dominguez; the business is a sole proprietorship; and describes the business as property. A summary analysis of the deposits for 2012 – 2015 indicates that $3,613,911 of illegal proceeds (*i.e.* 86% of the deposits) were deposited into this account.

---

[4] Title 18, United States Code, Section 1956(a)(1)(B)(i), makes it a crime for anyone to conduct (or attempt to conduct) a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity and knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity. 5TH CIR. CRIM. JURY INSTR. § 2.76A (2015).

[5] Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity. 5TH CIR. CRIM. JURY INSTR. § 2.77 (2015).

16.     **Security Bank Account #XXX5942 ("SB-5942")** is a commercial bank account that was established on or about January 17, 2014, in the name of Permian LLC.  The account application reflects that the customer/owner of the account is Jose "Peps" Dominguez.  A summary analysis of the deposits for 2014 - 2015 indicates that $2,689,871 of illegal proceeds (*i.e.* 91% of the deposits) were deposited into this account.

**D.     Acquiring Real Properties with the Criminal Proceeds.**

17.     Analysis of various financial records demonstrates that Dominguez deposited the illegal proceeds from his wagering enterprise into WF-7091 and SB-942; Dominguez then used the criminal proceeds in these accounts to purchase the Defendant Properties.

18.     <u>504 McKinney Avenue</u>.  Dominguez acquired the real property at 504 McKinney Avenue in Odessa, Texas on December 6, 2012, by obtaining a cashier's check for $69,581.94 from WF-7091.  In the ten days prior to December 6, Dominguez collected $80,553.57 in gambling proceeds in WF-7091.  On May 17, 2017, Dominguez transferred ownership of the property from his name to Peps LLC.

19.     <u>6141 Denis Lane #5A</u>.  Dominguez acquired the real property at 6141 Denis Lane #5A in Odessa, Texas on October 25, 2013, by obtaining a cashier's check for $60,667.78 from WF-7091.  In the ten days prior to October 25, Dominguez collected $73,710.81 in gambling proceeds in WF-7091.  On May 17, 2017, Dominguez transferred ownership of the property from his name to Peps LLC.

20.     <u>Lots 57-62, 64-69, and 71-76, Bates Airport</u>.  Dominguez acquired the real property known as Lots 57-62, 64-69, and 71-76, Bates Airport, in Midland County, Texas on April 28, 2014, by obtaining a cashier's check for $280,800.10 from SB-5942.  In the twelve days prior to

April 28, Dominguez collected $580,560.00 in gambling proceeds in SB-5942. On April 29, 2014, the property was conveyed to Permian LLC.

21.     <u>Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport.</u> Dominguez acquired the real property known as Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, in Midland County, Texas on August 4, 2014, by obtaining a cashier's check for $366,129.63 from SB-5942. In the three months prior to August 4, Dominguez collected $239,973 in gambling proceeds in SB-5942. By Warranty Deed of August 1, 2014, ownership of the property was conveyed to Permian LLC.

22.     <u>4201 Winchester Avenue.</u>   Dominguez acquired the real property at 4201 Winchester Avenue in Odessa, Texas on July 7, 2015, by obtaining a cashier's check for $115,000 from WF-7091. In the 64 days prior to July 7, Dominguez collected $149,418.12 in gambling proceeds in WF-7091. On May 17, 2017, Dominguez transferred ownership of the property from his name to Peps LLC.

23.     <u>4611 N. Jackson Avenue.</u>   Dominguez acquired the real property at 4611 N. Jackson Avenue in Odessa, Texas on July 24, 2015, by obtaining a cashier's check for $93,954.78 from WF-7091. In the fifteen days prior to July 24, Dominguez collected $60,705.46 in gambling proceeds in WF-7091. On May 17, 2017, Dominguez transferred ownership of the property from his name to Peps LLC.

24.     <u>10 Mansion Oaks Drive.</u> Dominguez acquired the real property at 10 Mansion Oaks Drive in Odessa, Texas on April 12, 2016. Based on witness interviews, the property was acquired as proceeds of a § 1084 offense.

25.     Because the Defendant Properties were acquired as proceeds of the 18 U.S.C. § 1084 offense or via transactions in violation of § 1956 or § 1957, all of the Defendant Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and/or (C).

**E.     The Pending Criminal Proceedings.**

26.     On February 28, 2018, Dominguez was charged by Indictment with Tax Evasion in violation of 26 U.S.C. § 7206(1) (Counts One through Three); Money Laundering in violation of 18 U.S.C. § 1956 (Counts Four through Six); and Engaging in Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. § 1957 (Counts Seven through Nine). *See United States v. Jose Dominguez,* No. MO-18-CR-036-DC (W.D. Tex. filed Feb. 28, 2018).

27.     Dominguez was arrested on February 28, 2018, by federal officials, and the criminal case remains pending before this Court.

## V.  PRAYER

28.     Based on the foregoing facts and circumstances, the United States submits that a reasonable belief exists to believe that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as the Defendant Properties constitute, or are derived from, proceeds traceable to the violation of 18 U.S.C. § 1084 or were involved in the violation of 18 U.S.C. § 1956 or § 1957.

ACCORDINGLY, Plaintiff United States of America prays that due process issue to enforce the forfeiture of the Defendant Properties, that due notice, pursuant to Supplemental Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[6] that a warrant for an arrest in rem be ordered, that the Defendant Properties be forfeited

---

[6]Appendix A, Notice of Complaint for Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Defendant Properties.

to the United States of America, that the Defendant Properties be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:

DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

## **VERIFICATION**

I, DANIEL FANNIN, declare as follows:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation.  I am assigned to the Austin Resident Office and am the investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof.  The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources, and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 23rd day of March, 2018.

Daniel Fannin, Special Agent
IRS, Criminal Investigation
Austin Resident Office

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. MO:18-CV-053 |
| | § | |
| REAL PROPERTY LOCATED AT<br>504 McKINNEY AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY LOCATED AT<br>6141 DENIS LANE #5A, ODESSA,<br>ECTOR COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY KNOWN AS LOTS 57-62, 64-69,<br>AND 71-76, BATES AIRPORT,<br>MIDLAND COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY KNOWN AS LOTS 78, 79, 82-86,<br>89-94, 96-98, AND 101-104, BATES AIRPORT,<br>MIDLAND COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY LOCATED AT<br>4201 WINCHESTER AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY LOCATED AT<br>4611 N. JACKSON AVENUE, ODESSA,<br>ECTOR COUNTY, TEXAS, | §<br>§<br>§ | |
| | § | |
| REAL PROPERTY LOCATED AT<br>10 MANSION OAKS DRIVE, ODESSA,<br>ECTOR COUNTY, TEXAS,<br>Defendants. | §<br>§<br>§<br>§ | |

## ORDER TO POST NOTICE OF COMPLAINT
## FOR FORFEITURE OF DEFENDANT REAL PROPERTIES

WHEREAS a Verified Complaint for Forfeiture was filed on March ____, 2018, against

the following properties:

a) Real Property Located at **504 McKinney Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 5, Block 25, Scharbauer Place Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 3, Page 378, Deed Records, Ector County, Texas.

b) Real Property Located at **6141 Denis Lane #5A, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Townhouse Unit No. A-5, of Tropical Townhouses, in Lots 1, 2, and 3, Block 16, Country Club Estates, 7th Filing, an Addition to the City of Odessa, Ector County, Texas, together with an undivided 1/21st interest in the common elements as shown on the plats attached to and described in the Declaration of Condominium as recorded in Volume 1, Page 184, Condominium Records, Ector County, Texas, as amended in Volume 1, Page 269, Condominium Records, Ector County, Texas.

c) Real Property Located at **Lots 57-62, 64-69, and 71-76, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 57-62, 64-69, and 71-76, Bates Airport, a Subdivision of Midland County, Texas According to the map or plat thereof of record in Cabinet D, Page 195, Plat Records, Midland County, Texas.

d) Real Property Located at **Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, a subdivision of Midland County, Texas according to the map or plat thereof of record of Cabinet D, Page 195, Plat Records, Midland County, Texas.

e) Real Property Located at **4201 Winchester Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Page 2

Lot 17, Block 3, Lyndale Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 4, Page 16, Plat Records, Ector County, Texas.

f)  Real Property Located at **4611 N. Jackson Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 3, Block 84, Sherwood Addition, 15th Filing, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 17, Page 14, Plat Records, Ector County, Texas.

g)  Real Property Located at **10 Mansion Oaks Drive, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 8, Block 4, The Estates of Shiloh, an addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Cabinet A, Page 167 B&C, Plat Records, Ector County, Texas.

(hereinafter "Defendant Properties"), which are also more fully described in the Verified Complaint for Forfeiture, alleging that the Defendant Properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) for violations of 18 U.S.C. 1084(a), 18 U.S.C. § 1956, and 18 U.S.C. § 1957; IT IS THEREFORE

ORDERED that the Department of Treasury, Internal Revenue Service for the Western District of Texas, or other authorized law enforcement officer or any other person or organization authorized by law, be commanded to post the Notice of Complaint for Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., and 18 U.S.C. § 985(c)(1)(B), by affixing a copy of the Notice of Complaint for Forfeiture in this action, in a conspicuous place upon the premises and, if applicable, by leaving a copy of the Notice of Complaint for Forfeiture and accompanying documents with

the occupant of the premises, if any, until further order of the Court, and to make my return as provided by law and said Order has been executed.

SIGNED this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** | § <br> § <br> § |
| **v.** | § No. <u>MO:18-CV-053</u> <br> § |
| | § |
| **REAL PROPERTY LOCATED AT** <br> **504 McKINNEY AVENUE, ODESSA,** <br> **ECTOR COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY LOCATED AT** <br> **6141 DENIS LANE #5A, ODESSA,** <br> **ECTOR COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY KNOWN AS LOTS 57-62, 64-69,** <br> **AND 71-76, BATES AIRPORT,** <br> **MIDLAND COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY KNOWN AS LOTS 78, 79, 82-86,** <br> **89-94, 96-98, AND 101-104, BATES AIRPORT,** <br> **MIDLAND COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY LOCATED AT** <br> **4201 WINCHESTER AVENUE, ODESSA,** <br> **ECTOR COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY LOCATED AT** <br> **4611 N. JACKSON AVENUE, ODESSA,** <br> **ECTOR COUNTY, TEXAS,** | § <br> § <br> § |
| | § |
| **REAL PROPERTY LOCATED AT** <br> **10 MANSION OAKS DRIVE, ODESSA,** <br> **ECTOR COUNTY, TEXAS,** <br> **Defendants.** | § <br> § <br> § <br> § |

## NOTICE OF COMPLAINT FOR FORFEITURE

      1.      On March \_\_\_\_, 2018, a Verified Complaint for Forfeiture was filed in this Court

by the United States Attorney for the Western District of Texas, against the below-described

APPENDIX A

properties for violations of 18 U.S.C. § 1084(a), 18 U.S.C. § 1956, and 18 U.S.C. § 1957, and

subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), namely:

a) Real Property Located at **504 McKinney Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 5, Block 25, Scharbauer Place Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 3, Page 378, Deed Records, Ector County, Texas.

b) Real Property Located at **6141 Denis Lane #5A, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Townhouse Unit No. A-5, of Tropical Townhouses, in Lots 1, 2, and 3, Block 16, Country Club Estates, 7th Filing, an Addition to the City of Odessa, Ector County, Texas, together with an undivided 1/21st interest in the common elements as shown on the plats attached to and described in the Declaration of Condominium as recorded in Volume 1, Page 184, Condominium Records, Ector County, Texas, as amended in Volume 1, Page 269, Condominium Records, Ector County, Texas.

c) Real Property Located at **Lots 57-62, 64-69, and 71-76, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 57-62, 64-69, and 71-76, Bates Airport, a Subdivision of Midland County, Texas According to the map or plat thereof of record in Cabinet D, Page 195, Plat Records, Midland County, Texas.

d) Real Property Located at **Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lots 78, 79, 82-86, 89-94, 96-98, and 101-104, Bates Airport, a subdivision of Midland County, Texas according to the map or plat thereof of record of Cabinet D, Page 195, Plat Records, Midland County, Texas.

e) Real Property Located at **4201 Winchester Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

APPENDIX A

Lot 17, Block 3, Lyndale Addition, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 4, Page 16, Plat Records, Ector County, Texas.

f) Real Property Located at **4611 N. Jackson Avenue, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 3, Block 84, Sherwood Addition, 15th Filing, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 17, Page 14, Plat Records, Ector County, Texas.

g) Real Property Located at **10 Mansion Oaks Drive, Odessa, Ector County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 8, Block 4, The Estates of Shiloh, an addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Cabinet A, Page 167 B&C, Plat Records, Ector County, Texas.

(hereinafter the "Defendant Properties").

2.      Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Defendant Properties. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Defendant Properties who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the court within **35 days after the notice was sent, if delivered by mail, or within 35 days of the date of delivery, if notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **21 days** of the Claim being filed.

3.      The Claim and Answer must be filed with the Clerk of the Court, 200 E. Wall, Room 222, Midland, TX 79701, and copies of each must be served upon Assistant United States

APPENDIX A

Attorney Daniel M. Castillo, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, or default

and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5).

      4.     Failure to follow the requirements set forth above will result in a judgment by

default taken against you for the relief demanded in the complaint.

APPENDIX A

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Real Property Located at 504 McKinney Avenue, Odessa, Ector County, Texas , et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Ector County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
Daniel M. Castillo, AUSA
816 Congress Ave., Austin, Tx 78701, (512) 916-5858

Attorneys *(If Known)*
Jeffrey Parras
Law Offices of Jeff Parras, 908 West Wall St., Midland, TX 79701
(432) 687-1606

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Secs. 1084(a), 1956, and 1957
Brief description of cause:
Transmission of Wagering Information, Money Laundering, and Engaging in Monetary Transactions

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE David Counts

DOCKET NUMBER 7:18-CR-36

DATE
3-23-2018

SIGNATURE OF ATTORNEY OF RECORD
*Daniel M. Cstl*

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____